Scott HART, Plaintiff,

v.

**GROUP SHORT TERM DISABILITY PLAN FOR EMPLOYEES OF CAP GEMINI ERNST & YOUNG** and Hartford Life & Accident Insurance Company, Defendants.

No. CIV.A.04–K–859.

United States District Court, D. Colorado.

Sept. 30, 2004.

Brian A. Murphy, Atty. at Law, Denver, CO, for Plaintiff.

Parker Whitfield Dragovich, Holland & Hart, LLP, Greenwood Village, CO, for Defendants.

### ORDER GRANTING MOTION FOR PARTIAL DISMISSAL OF CLAIMS

KANE, Senior District Judge.

This ERISA action is before me on Defendant Hartford's Partial [sic] Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12(b)(6). The Motion seeks the dismissal of Plaintiff's Second Claim for Relief, originally on grounds that a plaintiff may not simultaneously claim entitlement to the

payment of benefits under 29 U.S.C. § 1132(a)(1)(B) and seek equitable relief under the "catch all" provision of 29 U.S.C. § 1132(a)(3). When Plaintiff demurred that his breach of fiduciary duty claim was asserted not on his own behalf under § 1132(a)(3) but as a derivative claim on behalf of the Plan under § 1132(a)(2) for the relief authorized by 29 U.S.C. § 1109(a), Hartford reasserted its Motion, arguing that Plaintiff's failure to allege any harm to the Plan as a result of Defendants' breach dooms a claim under § 1109(a) as well. I agree.

■ ERISA imposes a number of obligations on fiduciaries including "the proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142–43, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). *See generally,* James F. Jorden, *Handbook on ERISA Litigation,* § 3.05 (2d ed., 2004 Suppl.). The purpose of § 1132(a)(2) is to prevent "the possible misuse of plan assets." *Russell* at 142, 105 S.Ct. 3085. ERISA provides specific remedies for the violation of obligations under § 1109(a), including that the fiduciary "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." Accordingly, loss to the plan is an element of any claim under § 1109(a), *see id.,* and the remedy is recoverable only by or on behalf of the plan, and not beneficiaries of the plan individually. *Walter v. Int'l Ass'n of Mach. Pension* Fund, 949 F.2d 310, 317 (10th Cir.1991). *See also* Jorden, *supra,* § 3.05[C].

■ Thus, and while Plaintiff may have standing to assert a claim on behalf of the Plan under 29 U.S.C. § 1132(a)(2) for relief under § 1109(a), he states no viable claim for relief under those provisions unless he alleges harm to the Plan or ill-gotten profits to the fiduciary as a result of the fiduciary's alleged breach of its duties. This Plaintiff has failed to do. The sum total of Plaintiff's allegations in this regard are found at ¶ 50 of his Complaint, where he contends that he "suffered both economic and noneconomic damages as a result of Defendants' breach of fiduciary duties." This is inadequate, and Plaintiff's 29 U.S.C. § 1132(a)(2) claim for relief under § 1109(a) fails as a matter of law.

■ It may be that Plaintiff's original intent was, indeed, to buttress his claim for payment of benefits under 29 U.S.C. § 1132(a)(1)(B) with a "catch-all" claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), but when challenged by Hartford immediately switched his theory to an ill-fated one under § 1132(a)(2). The purpose of an (a)(3) claim in this case appears to be the preservation of the equitable remedy of having Hartford removed as a fiduciary of the plan for its alleged breach. Unlike some of the judges in cases cited by Hartford in its opening brief, I have no problem with plaintiffs in ERISA cases preserving their rights under § 1132(a)(3) in the event pretrial motions practice reveals no remedy under § 1132(a)(1)(B) actually exists. I agree, however, that the processing of an action for payment of benefits under an ERISA-qualified plan should not be delayed by the simultaneous litigation of a claim under the "catch-all" provisions of subsection (a)(3), given that an (a)(3) claim is available only if no adequate remedy under (a)(1)(B) exists.

Applying these standards to the present case, IT IS ORDERED that Plaintiff Hart's Second Claim for Relief for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) and § 1109(a) is DISMISSED

under Fed.R.Civ.P. 12(b)(6) based on his failure to allege any damage to the Plan as a result of Hartford's alleged breach of fiduciary duty. Hart may seek leave to reassert an equitable claim for relief under 29 U.S.C. § 1132(a)(3), but *only* upon allegations that he has no available remedy under 29 U.S.C. § 1132(a)(1)(B) or that any remedy obtained under § 1132(a)(1)(B) would be inadequate to redress the harm suffered. Based on my review of the record, I note, neither scenario appears to exist in this case.